NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0491n.06

No. 09-2440

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jul 18, 2011*

LEONARD GREEN, Clerk

ALLSTATE INSURANCE COMPANY,

      Plaintiff-Appellee,

v.

TRICARE MANAGEMENT ACTIVITY,
fka Office of Civilian Health and Medical
Programs of the Uniformed Services
(CHAMPUS); DEPARTMENT OF THE
AIR FORCE,

      Defendants,

and

BRIAN KEITH MENEFEE, by his guardian Rita
Callen; JOHN D. TALLMAN, individually;
JOHN D. TALLMAN, PLC,

      Defendants-Appellants.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

_____/

BEFORE:    SUTTON and WHITE, Circuit Judges; and STAFFORD, District Judge.[*]

    PER CURIAM.

    Brian K. Menefee ("Menefee"), John D. Tallman, and John D. Tallman, PLC, appeal the

district court's denial of their motion for sanctions against Allstate Insurance Company ("Allstate").

We **AFFIRM**.

_____

[*] The Honorable William H. Stafford, Jr., Senior United States District Judge for the
Northern District of Florida, sitting by designation.

I.

Because the parties and their counsel are familiar with the facts and convoluted history of this case, those facts and history need not be recounted at length in this unpublished opinion. Instead, a brief overview will suffice.

In 2002, while home on leave from service in the United States Air Force, Menefee suffered disabling injuries in an automobile accident. For a time following the accident, Menefee was an inpatient in a Spectrum Health facility ("Spectrum") where he generated expenses totaling $151,586.37.

Menefee had two potential sources of coverage for the medical expenses incurred: (1) Allstate and (2) TRICARE, a federal government program that offers medical insurance to members of the military when no other coverage is available. By law, TRICARE is a carrier of last resort.

After Allstate denied coverage, Spectrum billed TRICARE for Menefee's treatment. Pursuant to regulatory cost-containment provisions to which Spectrum was bound, TRICARE paid Spectrum $78,809.29, representing payment in full of Spectrum's total bill of $151,586.37. As a carrier of last resort, TRICARE was entitled to reimbursement of the $78,809.29 by Spectrum if Spectrum later received payment from Allstate.

Menefee's mother, as Menefee's court-appointed guardian, hired John D. Tallman, of the John D. Tallman, PLC, law firm (collectively, "Tallman"), to sue Allstate in state court, alleging that Allstate was primarily responsible for payment of Menefee's expenses and seeking recovery, *inter alia*, of Spectrum's bill totaling $151,586.37. Spectrum sought to protect its entitlement to full

payment from Allstate by seeking to intervene in the case. The trial judge denied Spectrum's motion to intervene, explaining that "there is an adequate representation [by Tallman] of the interest at hand, namely to get enough money into Mr. Menefee's pockets to pay the bill that presumably is outstanding to [Spectrum]."

After the coverage issue was decided adversely to Allstate, the trial judge entered a partial judgment in favor of Menefee, awarding attorney's fees in the amount of $30,800.50 and stating that "[Allstate] shall pay [Menefee] $151,586.57, reflecting charges owed to Spectrum Health." Allstate thereafter delivered a check in the amount of $182,167.87 to Tallman, who—after subtracting costs—released $114,484.77 to Menefee, keeping $60,000 for himself as an attorney's fee. None of the money was paid to Spectrum.

Allstate later received and paid the government's claim for reimbursement of more than $400,000 in benefits paid by TRICARE for Menefee's post-accident treatment and rehabilitation. The $78,809.29 paid by TRICARE to Spectrum was included both in the government's claim and in Allstate's check to Menefee. Because Allstate had already paid—through satisfaction of the partial judgment—the entire amount owed to Spectrum, the payment of $78,809.29 to the government for reimbursement to TRICARE was duplicative.

Upon discovery of the double payment, Allstate attempted to resolve the matter informally with Tallman. When such attempts proved unsuccessful, Allstate filed the instant suit against TRICARE and the United States Air Force, seeking recovery of the $78,809.29 it had twice paid toward the Spectrum bill. Allstate later joined Menefee and Tallman, who filed motions for

summary judgment, to dismiss, and for sanctions against Allstate.[1] The district court granted Menefee's and Tallman's motion for summary judgment, explaining—*inter alia*—that "equity cannot intervene to save Allstate from the consequences of multiple mistakes of its own making." At the same time, the district court denied Menefee's and Tallman's motion for sanctions, rejecting their claim that Allstate's lawsuit was brought for an improper purpose.

II.

Menefee and Tallman now appeal the district court's denial of sanctions, a decision we review under the highly deferential abuse-of-discretion standard. *See Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2011). We conclude that the district court clearly acted within the broad scope of its discretion given the record in this case. As the district court well explained in its thorough twenty-one page opinion, Allstate's claims were not sanctionable even if ultimately unsuccessful. Therefore, the judgment of the district court is **AFFIRMED**.

---

[1]The district court granted a motion to dismiss filed by TRICARE and the Air Force, dismissing those two defendants for lack of jurisdiction. That decision is not before us.